Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*



FILED
CLERK, U.S. DISTRICT COURT

JUN 21 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

DECKERS OUTDOOR CORPORATION, ) CASE NO. 12-CV-11022 GW (PJWx)
a Delaware Corporation,

             Plaintiff,

    v.

MINNETONKA MOCCASIN
COMPANY, INC., a Minnesota
Corporation; and DOES 1-10, inclusive,

             Defendants.

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

**[DISCOVERY MATTER]**

## GOOD CAUSE FOR PROTECTIVE ORDER

    Good cause exists for entry of this Protective Order as disclosure and discovery activity in this action have involved and are likely to continue to involve the production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The information to be exchanged during discovery is not publicly available to the parties' competitors, nor is it voluntarily shared with any other members of the public.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable

1  legal principles. The parties further acknowledge, as set forth in Paragraph 14, below,
2  that this Stipulated Protective Order does not entitle them to file confidential
3  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be
4  followed and the standards that will be applied when a party seeks permission from the
5  court to file material under seal.

6  **DEFINITIONS**

7  1.  As used in this Protective Order,

8  a.  "Designating Party" means any Person who designates Material as
9  Confidential Material.

10  b.  "Discovering Counsel" means counsel of record for a Discovering
11  Party.

12  c.  "Discovering Party" means the Party to whom Material is being
13  Provided by a Producing Party.

14  d.  "Confidential Material" refers to those materials designated as
15  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined in Paragraph 2
16  below.

17  e.  "Material" means any document, testimony or information in any
18  form or medium whatsoever, including, without limitation, any written or printed
19  matter, Provided in this action by a Party before or after the date of this Protective
20  Order.

21  f.  "Party" means the Parties to this action, their attorneys of record
22  and their agents.

23  g.  "Person" means any individual, corporation, partnership,
24  unincorporated association, governmental agency, or other business or governmental
25  entity whether a Party or not.

26  h.  "Producing Party" means any Person who Provides Material during
27  the course of this action.

28

1    i.      "Provide" means to produce any Material, whether voluntarily or
2  involuntarily, whether pursuant to request or process.
3                        **CONFIDENTIAL DESIGNATION**
4    2.      A Producing Party may designate as "CONFIDENTIAL" any material
5  provided to a Party which contains or discloses any of the following:
6         a.      Non-public insider information, personnel files, financial
7  information, trade secrets, confidential commercial information, proprietary
8  information, or other confidential or sensitive information which the Producing Party
9  determines in good faith should be kept confidential; and
10         b.      Information that the Party is under a duty to preserve as
11  confidential under an agreement with or other obligation to another Person.
12         c.      The Producing Party may designate as "ATTORNEYS' EYES
13  ONLY," documents Parties contend contain or disclose materials which they in good
14  faith believe to be of an extremely high degree of current commercial sensitivity and/or
15  would provide a competitive advantage to its competitors if disclosed.
16         d.      The Producing Party may not use "CONFIDENTIAL" and/or
17  "ATTORNEYS' EYES ONLY" designations to conceal the identity of potential
18  parties to the litigation, such as manufacturers, distributors, importers, retailers and
19  others in the supply chain of the alleged infringing goods.
20    3.      A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS'
21  EYES ONLY Materials which the Producing Party in good faith believes are entitled
22  to protection pursuant to the standards set forth in Paragraph 2 of this Order. A
23  Producing Party may designate Confidential Material for Protection under this order by
24  either of the following methods:
25         a.      By physically marking it with the following inscription prior to
26  Providing it to a Party:
27                CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER
28                                or

1    ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER

2           b.    By identifying with specificity in writing to the Discovering Party

3    any previously Provided Material which was not designated as Confidential Material

4    prior to its having been Provided. For purposes of this method of designation, it will be

5    a sufficiently specific identification to refer to the bates numbers or deposition page

6    numbers of previously Provided Material. Where a Producing Party designates

7    previously Provided Material as Confidential Material pursuant to this subparagraph,

8    the Producing Party will follow the procedures set forth in the previous subparagraph

9    for designating Confidential Material, and Provide to the Discovering Party additional

10   copies of the previously Provided Material marked with the inscription described in the

11   previous subparagraph. Upon receipt of the additional copies which comply with the

12   procedures set forth in the previous subparagraph, the Discovering Party will

13   immediately return to the Producing Party the previously Provided Material, or

14   alternatively, will destroy all the previously Provided Material, at the option of the

15   Producing Party. For previously Provided Material which was not designated as

16   Confidential Material at the time of its being Provided, this Protective Order shall

17   apply to such materials beginning on the date that the Producing Party makes such

18   designation.

19        All costs associated with the designations of materials as "Confidential" or

20   "Attorneys' Eyes Only" involving, for example, the cost of binding confidential

21   portions of deposition transcripts, shall be initially borne by the Party making the

22   designation with no prejudice regarding the Designating Party's ability to recover its

23   costs upon completion of the litigation.

24        The designation of documents as "Confidential" or "Attorneys' Eyes Only" does

25   not entitle the parties to have those documents filed under seal.  An application,

26   including a stipulated application to filed documents under seal must comply with

27   Local Rule 79-5.

28

## RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

4.     Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 7 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 8 of this Protective Order.

5.     Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 7 or 8 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

6.     All Confidential Material shall be kept secure by Discovering Counsel and access to Confidential Material shall be limited to persons authorized pursuant to Paragraphs 7 or 8 of this Protective Order.

7.     For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

    a.     Counsel of record working on this action on behalf of any party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff.

    b.     In-house counsel and such in-house counsel's employees who are directly participating in this action, including counsel's paralegals, assistants, secretaries, and clerical staff.

    c.     Court and deposition reporters and their staff.

d.     The Court and any Person employed by the Court whose duties require access to Material designated as CONFIDENTIAL.

e.     Witnesses at depositions or pre-trial proceedings, in accordance with procedures set forth in Paragraphs 11-13.

f.     Non-party experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set forth in Paragraphs 11-13.

g.     Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

h.     Photocopy service personnel who photocopied or assisted in the photocopying or delivering of documents in this litigation;

i.     Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

j.     Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

k.     Any Person who the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

8.     For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose confidential financial Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

1       a.      Counsel of record for the Parties to this action and counsel's
2  employees who are directly participating in this action, including counsel's partners,
3  associates, paralegals, assistants, secretarial, and clerical staff.

4       b.      Court and deposition reporters and their staff.

5       c.      The Court and any person employed by the Court whose duties
6  require access to Material designated as ATTORNEYS' EYES ONLY.

7       d.      Witnesses at depositions or pre-trial proceedings, in accordance
8  with procedures set forth in paragraphs 11-13.

9       e.      Experts and consultants assisting counsel with respect to this action
10 and their secretarial, technical and clerical employees who are actively assisting in the
11 preparation of this action, in accordance with the procedures set forth in paragraphs
12 11-13.

13      f.      Any Person identified on the face of any such Material designated
14 as ATTORNEYS' EYES ONLY as an author or recipient thereof; and

15      g.      Any Person who is determined to have been an author and/or
16 previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is
17 not identified on the face thereof, provided there is prior testimony of actual authorship
18 or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person;
19 and

20      h.      Any Person who the Parties agree in writing may receive Material
21 designated as ATTORNEYS' EYES ONLY.

22 **UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER**

23      9.      Before Discovering Counsel may disclose Confidential Material to any
24 Person described in subparagraphs 7(f), 7(g), or 8(f) above, the Person to whom
25 disclosure is to be made shall receive a copy of this Protective Order, shall read the
26 Protective Order in its entirety, shall evidence his or her agreement to be bound by the
27 terms, conditions, and restrictions of the Protective Order by signing an undertaking in
28 the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of

1 | this Protective Order, with a copy of his or her signed Undertaking attached.
2 | Discovering Counsel shall keep a copy of the signed Undertaking for each person
3 | described in subparagraphs 7(f), 7(g), or 8(f) to whom Discovering Counsel discloses
4 | Confidential Material.

5 |       10.    The individuals designated in subparagraph 8(a) above, are specifically
6 | prohibited from publishing, releasing, or otherwise disclosing Material designated as
7 | ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or
8 | employees of the company for which the individual is employed, or to any other
9 | persons not authorized under this Protective Order to receive such information. The
10 | designated individuals in subparagraph 8(a) shall retain all ATTORNEYS' EYES
11 | ONLY material in a secure manner under separate and confidential file, so as to avoid
12 | inadvertent access by, or disclosure to, unauthorized persons.

13 | **DEPOSITIONS**

14 |       11.    Those portions of depositions taken by any Party at which any Material
15 | designated as CONFIDENTIAL is used or inquired into, may not be conducted in the
16 | presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel,
17 | and (c) Persons authorized under Paragraph 7 of this Protective Order to view such
18 | Confidential Material. During those portions of depositions in which Material
19 | designated ATTORNEYS' EYES ONLY is used or inquired into, only those persons
20 | authorized under Paragraph 8 to view such Materials may be present.

21 |       12.    Counsel for any deponent may designate testimony or exhibits as
22 | Confidential Material by indicating on the record at the deposition that the testimony
23 | of the deponent or any exhibits to his or her testimony are to be treated as Confidential
24 | Material. Counsel for any Party may designate exhibits in which that Party has a
25 | cognizable interest as Confidential Material by indicating on the record at the
26 | deposition that such exhibit(s) are to be treated as Confidential Material. Failure of
27 | counsel to designate testimony or exhibits as confidential at deposition, however, shall
28 | not constitute a waiver of the protected status of the testimony or exhibits. Within

1   thirty calendar days of receipt of the transcript of the deposition, or thirty days of the

2   date on which this Protective Order becomes effective, whichever occurs last, counsel

3   shall be entitled to designate specific testimony or exhibits as Confidential Material. If

4   counsel for the deponent or Party fails to designate the transcript or exhibits as

5   Confidential within the above-described thirty day period, any other Party shall be

6   entitled to treat the transcript or exhibits as non-confidential material. For purposes of

7   this Paragraph 12, this Protective Order shall be deemed "effective" on the date on

8   which it has been executed by all counsel for the Parties.

9          13.    When Material disclosed during a deposition is designated Confidential

10  Material at the time testimony is given, the reporter shall separately transcribe those

11  portions of the testimony so designated, shall mark the face of the transcript in

12  accordance with Paragraph 3 above, and shall maintain that portion of the transcript or

13  exhibits in separate files marked to designate the confidentiality of their contents. The

14  reporter shall not file or lodge with the Court any Confidential Material without

15  obtaining written consent from the Party who designated the Material as Confidential

16  Material. For convenience, if a deposition transcript or exhibit contains repeated

17  references to Confidential Material which cannot conveniently be segregated from

18  non-confidential material, any Party may request that the entire transcript or exhibit be

19  maintained by the reporter as Confidential Material.

20  **USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT**

21  **PAPERS**

22         14.    If any Party or non-party seeks to file or lodge with the Court any

23  Confidential Material, such materials shall be submitted to the Court in accordance

24  with the procedures set forth in Local Rule 79-5.1. No documents may be filed or

25  lodged under seal absent a court order pertinent to the specific document(s).  If a Party

26  wishes to file or lodge documents under seal, the other Party shall not unreasonably

27  withhold agreement to such procedure. If an agreement is reached, the Parties shall

28  submit to the Court a Stipulation and Proposed Order for such filing or lodging under

**[PROPOSED] PROTECTIVE ORDER**

1    seal. If no such agreement is reached, then the proponent of lodging or filing under seal

2    shall submit an Application and Proposed Order pursuant to Local Rule 79-5.1.

3                                    **OBJECTIONS TO DESIGNATION**

4          15.    Any Party may at any time notify the Designating Party in writing of its

5    contention that specified Material designated as Confidential Material is not properly

6    so designated because such Material does not warrant protection under applicable law.

7    The Designating Party shall within ten (10) days, meet and confer in good faith with

8    the Party challenging the designation in an attempt to resolve such dispute. The

9    Designating Party shall have ten (10) days from the initial meet and confer to file a

10   motion to uphold the designation of the material in question. Any such motion shall be

11   set for hearing on the first available calendar date. If no motion is filed within ten (10)

12   days, or any mutually agreed to extension of time, all Parties may treat the Material as

13   non-confidential. To maintain the designation as Confidential Material and to prevail

14   on such a motion, the Designating Party must show by a preponderance of the

15   evidence that there is good cause for the designation as Confidential Material. Pending

16   resolution of any motion filed pursuant to this Paragraph, all Persons bound by this

17   Protective Order shall continue to treat the Material which is the subject of the motion

18   as Confidential Material.

19         16.    Any discovery disputes concerning the designation of materials or

20   disclosure of documents or information under this Protective Order shall be brought in

21   compliance with Local Rule 37 and a proposed stipulated protective order should so

22   provide.

23                                    **RETURN OF MATERIAL**

24         17.    Within ninety (90) calendar days after the final settlement or termination

25   of this action, Discovering Counsel shall return or destroy (at the option and expense

26   of Discovering Counsel) all Materials provided by a Producing Party and all copies

27   thereof except as follows:  Discovering Counsel may retain in his or her file all

28   deposition transcripts and documents filed with the Court and other work product. In

1   addition, with respect to any such retained documents and unless otherwise agreed to,

2   at the conclusion of this action, counsel for each Party shall store in a secure area all

3   documents which contain Confidential Material together with all of the signed

4   undertakings they are required to preserve pursuant to Paragraph 9 above, and shall not

5   make use of such Material except in connection with any action arising directly out of

6   these actions, or pursuant to a court order for good cause shown. The obligation of this

7   Protective Order shall survive the termination of this action. To the extent that

8   Confidential Materials are or become known to the public through no fault of the

9   Discovering Party, such Confidential Materials shall no long0065r be subject to the

10  terms of this Protective Order. Upon request, counsel for each Party shall verify in

11  writing that they have complied with the provisions of this paragraph.

12                          **<u>SCOPE OF THIS ORDER</u>**

13      18.    Except for the provisions regarding post-trial or post-settlement return and

14  destruction of Material, or segregation of work product which embodies Confidential

15  Material, this order is strictly a pretrial order; it does not govern the trial in this action.

16      19.    Not later than seven days before trial in the action, Counsel agree to meet

17  and confer concerning the use at trial of Confidential Material.

18      20.    Nothing in this Protective Order shall be deemed to limit, prejudice, or

19  waive any right of any Party or Person (a) to resist or compel discovery with respect to,

20  or to seek to obtain additional or different protection for, Material claimed to be

21  protected work product or privileged under California or federal law, Material as to

22  which the Producing Party claims a legal obligation not to disclose, or Material not

23  required to be provided pursuant to California law; (b) to seek to modify or obtain

24  relief from any aspect of this Protective Order; (c) to object to the use, relevance, or

25  admissibility at trial or otherwise of any Material, whether or not designated in whole

26  or in part as Confidential Material governed by this Protective Order; or (d) otherwise

27  to require that discovery be conducted according to governing laws and rules.

28

11
[PROPOSED] PROTECTIVE ORDER

1       21.    Designation of Material as Confidential Material on the face of such
2   Material shall have no effect on the authenticity or admissibility of such Material at
3   trial.

4       22.    This Protective Order shall not preclude any Person from waiving the
5   applicability of this Protective Order with respect to any Confidential Material
6   Provided by that Person or using any Confidential Material Provided by that Person or
7   using any Confidential Material owned by that Person in any manner that Person
8   deems appropriate.

9       23.    This Protective Order shall not affect any contractual, statutory or other
10  legal obligation or the rights of any Party or Person with respect to Confidential
11  Material designated by that Party.

12      24.    The restrictions set out in the Protective Order shall not apply to any
13  Material which:

14          a.    At the time it is Provided is available to the public;

15          b.    After it is Provided, becomes available to the public through no act,
16  or failure to act, of the Discovering Party; or

17          c.    The Discovering Party can show

18              i.    Was already known to the Discovering Party independently
19  of receipt of the Confidential Material in this or prior litigation; or

20              ii.    Was received by the Discovering Party, after the time it was
21  designated as Confidential Material hereunder, from a third party having the right to
22  make such disclosure.

23      25.    If at any time any Material protected by this Protective Order is
24  subpoenaed from the Discovering Party by any Court, administrative or legislative
25  body, or is requested by any other Person or entity purporting to have authority to
26  require the production of such material, the Party to whom the subpoena or other
27  request is directed shall immediately give written notice thereof to the Producing Party
28  with respect to Confidential Material sought and shall afford the Producing Party

1  reasonable opportunity to pursue formal objections to such disclosures. If the

2  Producing Party does not prevail on its objections to such disclosure, the Discovering

3  Party may produce the Confidential Material without violating this Protective Order.

4  **<u>SUBMISSION TO COURT</u>**

5       26.    The Parties agree to submit this Protective Order to the Court for adoption

6  as an order of the Court. The Parties reserve the right to seek, upon good cause,

7  modification of this Protective Order by the Court.

8

9  DATED:    April 4, 2013     BLAKELY LAW GROUP

10

11                     By:    /s/ Cindy Chan

12                            Brent H. Blakely

13                            Cindy Chan
                          ***Attorneys for Plaintiff***
                          ***Deckers Outdoor Corporation***

14  DATED:    April 4, 2013     FREDRICKSON & BYRON P.A.

15

16

17                     By:    /s/ Lora Friedemann
                          Lora Friedemann (*admitted pro hac vice*)

18                            ***Attorneys for Defendant***
                          ***Minnetonka Moccasin Company, Inc.***

19

20  **IT IS SO ORDERED.**

21

22  Date: 6/21/13 , 2013

23                              Honorable Patrick J. Walsh

24                              **United States Magistrate Judge**

25

26

27

28

13
[PROPOSED] PROTECTIVE ORDER

# **EXHIBIT A**

### **UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS**

I, _____ [print or type full name], of _____
[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Deckers Outdoor Corporation v. Minnetonka Moccasin Company, Inc.*, No. 12-CV-11022 GW (PJWx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2013

City and State where sworn and signed: _____

Signed: _____        _____
        [Print Name]                    [Signature]